# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

_____

JAY NIRBAN,

     Plaintiff,

v.

SUBHASH PATEL and PRITI PATEL,

     Defendants.

Case No.

HON.

**COMPLAINT and JURY DEMAND**

_____

| | |
|---|---|
| James E. R. Fifelski (P65148)<br>Attorney for Plaintiff<br>455 E. Eisenhower Pkwy, Ste 300 #71<br>Ann Arbor, MI 48108<br>734-726-0225<br>james@annarborslawyer.com | Zachary J. Murry (P73565)<br>Attorney for Defendants<br>1701 Woodlands Dr, Suite 100<br>Maumee, OH 43537<br>419-897-6500<br>zmurry@barkan-robon.com<br><br>Subhash Patel and Priti Patel<br>Defendants<br>7608 Secretariat Drive<br>Saline, MI 48176 |

## PLAINTIFF'S VERIFIED COMPLAINT/
## JURY DEMAND

NOW COMES Plaintiff, JAY NIRBAN, by and through his attorney, James

E. R. Fifelski, and states the following for his Verified Complaint:

## -JURISDICTIONAL ALLEGATIONS-

1.     Plaintiff JAY NIRBAN (hereinafter "Plaintiff Nirban") is a resident of the State of Texas, United States of America.

2.     Defendants SUBHASH PATEL and PRITI PATEL, (hereinafter "Defendants Patels") are residents of the State of Michigan, United States of America.

3.     This case involves multiple tortious acts of intentional infliction of emotional distress, invasion of privacy, and defamation upon Plaintiff Nirban by Defendants Patels in and around Washtenaw County, Michigan.

4.     This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. 1332(a)(1) as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5.     Venue is proper in this district as the actions giving rise to these claims occurred in or around Washtenaw County, State of Michigan, in this judicial district.

## -GENERAL ALLEGATIONS-

6.     Plaintiff Nirban incorporates by reference paragraphs 1 through 5 as though fully realleged herein.

7.     Beginning in or around April of 2022, Defendants Patels and their daughter, Jane Doe (pseudonymous designation provided in pending case 2:25-cv-

2

10610-SKD-EAS), (hereinafter "Jane Doe"), began a malicious campaign to impugn the good character of Plaintiff Nirban and cause him severe emotional distress by repeatedly making false allegations in the community that Plaintiff Nirban maliciously sexually assaulted their minor daughter Jane Doe sometime in 2016 and 2017, when such claims were not true.

8.      Defendants Patels and Jane Doe then broadcast these destructive false claims to many other people including their family members and the family members and extended family members of Plaintiff Nirban, including but not limited to Jagdish Patel, Ashwin Patel, Nilay Patel, Kaushal Patel, Kapila Patel, Nehal Patel, Sunil/Rupal Shah, and others in an ongoing basis throughout the years of 2022 into the year 2026, including but not limited to April 2024, November 2025, and January 2026.

9.      Defendants Patels and Jane Doe also conspired together to continue and escalate these false allegations of malicious sexual assault of a minor against Plaintiff Nirban in an ongoing effort to extort money from him, in an effort to disrupt and ruin his marriage, family life, and professional life, and in an effort to maliciously harm his good character, well-being and hopes of future success in business and happiness in the community.

10.      Defendants Patels, each individually and together in conspiracy with each other and with Jane Doe, continually placed Plaintiff Nirban in a false light

among people in the community knowing that Jane Doe's claims of being sexually assaulted as a minor in 2016 and 2017 were unsubstantiated and dubious, and with the malicious intent of ruining Plaintiff Nirban's future for their own personal gain and satisfaction.

11.    Plaintiff Nirban has suffered extensive damages due to Defendants Patels' tortious conduct exceeding $75,000.00 in value which consists of *inter alia* severe emotional distress, psychological distress, pain and suffering, humiliation and embarrassment, trauma and stress, diminished earning capacity, and loss of good reputation in his community.

**-COUNT I: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-**

12.    Plaintiff Nirban incorporates by reference paragraphs 1 through 11 as though fully realleged herein.

13.    Beginning in April of 2022 and continuing into the year 2026, most recently in January 2026, Defendants Patels each individually engaged in extreme and outrageous conduct which consisted of *inter alia* engaging in an ongoing malicious campaign to impugn the good character of Plaintiff Nirban among his tightly knit Indian family in order to cause him severe emotional distress by making false allegations to various people in this large family that Plaintiff Nirban maliciously sexually assaulted their minor daughter, Jane Doe, in the years 2016 and 2017, when such claims were not true.

4

14.     Defendants Patels then broadcast those false claims of sexual assault of a minor concerning Plaintiff Nirban to many other people, including Defendants' family members and the family members and extended family members, (including but not limited to those individuals identified in ¶ 8 above), of Plaintiff Nirban in an ongoing basis throughout the years of 2022 through January 2026.

15.     When Defendants Patels made such malicious, false claims about Plaintiff Nirban, they each individually did so with the intent to cause severe emotional distress to Plaintiff Nirban, or at minimum, with a reckless disregard for whether severe emotional distress would result to Plaintiff Nirban.

16.     Defendants Patels' actions between 2022 and January 2026 were responsible for causing severe emotional distress and suffering to Plaintiff Nirban, who was otherwise seeking to live his life in peace and quiet with his wife and child separate and apart from Defendants Patels.

17.     Defendants Patels tortious conduct caused Plaintiff Nirban *inter alia* severe emotional and psychological distress, humiliation, mortification, embarrassment, sleeplessness and anxiety, stress and trauma, loss of reputation, harm to his ability to carry out of his profession, diminished earning capacity, exemplary and/or punitive damages, and other damages that may be identified during the course of discovery and trial.

18.     Defendants Patels' malice and bad intent toward Plaintiff Nirban in carrying out these actions justifies entry of judgment against Defendants Patels with an award for money damages and exemplary and/or punitive damages.

WHEREFORE, Plaintiff Nirban respectfully requests this Honorable Court to enter judgment against Defendants Subhash Patel and Priti Patel in an amount exceeding $75,000.00 per party for damages sustained as a result of their tortious conduct, including exemplary and/or punitive damages, costs, interest, and reasonable attorney fees.

### -COUNT II: CIVIL CONSPIRACY TO INTENTIONALLY INFLICT EMOTIONAL DISTRESS-

19.     Plaintiff Nirban incorporates by reference paragraphs 1 through 18 as though fully realleged herein.

20.     Defendants Patels and Jane Doe engaged in malicious, extreme and outrageous conduct, in concert with each other and directed at Plaintiff Nirban, which consisted of making ongoing, repeated, and escalatory false accusations to many of Defendants' family members and to Plaintiff's family members and extended family members that Plaintiff Nirban, (including but not limited to those individuals identified in ¶ 8 above), of maliciously sexually assaulted Jane Doe when she was a minor in 2016 and 2017, for the primary purpose of injuring and harming Plaintiff Nirban personally, emotionally, psychologically, financially and otherwise.

21.     Defendants Patels and Jane Doe's concerted, malicious action with each other was done for an unlawful purpose and/or by unlawful means as they wrongfully propagated and escalated their false allegations of malicious sexual assault of a minor against Plaintiff Nirban in an effort to unlawfully extort money from him out of jealousy and spite, in an effort to disrupt and ruin his marriage, family life, and professional life, and in an effort to maliciously harm his good character, well-being and hopes of future success and happiness in business and in the community.

22.     Defendants Patels and Jane Doe's conspiratorial conduct together which was directed at Plaintiff Nirban was extreme and outrageous, both in each individual tortious act and as a malicious pattern of ongoing and escalatory conduct done in concert with each other spanning several years between 2022 and January of 2026, all of which was designed to cause Plaintiff Nirban emotional harm, pain, distress, and suffering.

23.     Defendants Patels and Jane Doe engaged in such outrageous conduct intentionally or with reckless disregard for the rights and good health of Plaintiff Nirban in concert with each other as civil co-conspirators.

24.     Defendants Patels and Jane Doe's conduct in concert with each other caused Plaintiff Nirban *inter alia* severe emotional and psychological distress, humiliation, mortification, embarrassment, sleeplessness and anxiety, stress and

trauma, loss of reputation, harm to his ability to carry out of his profession, diminished earning capacity, and exemplary and/or punitive damages, and other damages that may be identified during the course of discovery and trial.

WHEREFORE, Plaintiff Nirban respectfully requests this Honorable Court to enter judgment against Defendants Subhash Patel and Priti Patel in an amount exceeding $75,000.00 per party for damages sustained as a result of their tortious conduct, including exemplary and/or punitive damages, costs, interest, and reasonable attorney fees.

### -COUNT III: INVASION OF PRIVACY – FALSE LIGHT-

25.     Plaintiff Nirban incorporates by reference paragraphs 1 through 24 as though fully realleged herein.

26.     Defendants Patels made many malicious and false communications about Plaintiff Nirban that were broadcast to many people, including Defendants Patels family members and Plaintiff Nirban's family members and extended family members, (including but not limited to those individuals identified in ¶ 8 above).

27.     These malicious and false claims consisted primarily in falsely claiming and propagating the falsehood that Plaintiff Nirban malicious sexually assaulted Jane Doe as a minor in 2016 and 2017, which was not true.

28.     Defendants Patels' malicious communications to many third parties placed Plaintiff Nirban in a false, negative light that would be highly offensive to a reasonable person and that was highly offensive Plaintiff Nirban.

29.     Defendants Patels either had knowledge of, or acted in reckless disregard for, the falsity of the publicized matter and the false light in which Plaintiff Nirban would be placed by their repeated false statements broadcast to others.

30.     Defendants Patels acted with malice for the primary purpose of injuring and harming Plaintiff Nirban emotionally, psychologically, financially and otherwise.

31.     Defendants Patels caused Plaintiff Nirban *inter alia* severe emotional and psychological distress, humiliation, mortification, embarrassment, sleeplessness and anxiety, stress and trauma, loss of reputation, harm to his ability to carry out of his profession, diminished earning capacity, and exemplary and/or punitive damages, and other damages that may be identified during the course of discovery and trial.

WHEREFORE, Plaintiff Nirban respectfully requests this Honorable Court to enter judgment against Defendants Subhash Patel and Priti Patel in an amount exceeding $75,000.00 per party for damages sustained as a result of their tortious

conduct, including exemplary and/or punitive damages, costs, interest, and reasonable attorney fees.

### -COUNT IV: CIVIL CONSPIRACY TO COMMIT INVASION OF PRIVACY – FALSE LIGHT-

32.     Plaintiff Nirban incorporates by reference paragraphs 1 through 31 as though fully realleged herein.

33.     Defendants Patels and Jane Doe made ongoing, malicious and false communications about Plaintiff Nirban maliciously sexually assaulting Jane Doe when she was a minor, which were broadcast to many people, including Defendant Patels' family members and Plaintiff Nirban's family members, (including but not limited to those individuals identified in ¶ 8 above), in concert with each other and assisted by each other, and in doing so further propagated the false allegations made by Jane Doe against Plaintiff Nirban among other third parties for the primary purpose of injuring and harming Plaintiff Nirban emotionally, psychologically, financially and otherwise.

34.     Defendants Patels and Jane Doe's concerted, malicious action with each other was done for an unlawful purpose and/or by unlawful means as they wrongfully propagated and escalated these false allegations that Plaintiff Nirban malicious sexually assaulted Jane Doe in 2016 and 2017, which was not true, in an effort to extort money from Plaintiff Nirban out of jealousy and spite, in an effort to disrupt and ruin his marriage, family life, and professional life, and in an effort

to maliciously harm his good character, well-being and hopes of future success in business and happiness in the community.

35. Defendants Patels and Jane Doe's conspiratorial conduct done in concert with each other which was directed at Plaintiff Nirban placed Plaintiff Nirban in a false, negative light that would be highly offensive to a reasonable person and that was highly offensive Plaintiff Nirban.

36. Defendants Patels and Jane Doe either had knowledge of, or acted in reckless disregard for, the falsity of the publicized matters and the false light in which Plaintiff Nirban would be placed by Defendants Patels and Jane Doe's false, malicious statements broadcast to other people.

37. Defendants Patels and Jane Doe's wrongful conduct in concert with each other was done with malice for the primary purpose of injuring and harming Plaintiff Nirban personally, emotionally, psychologically, financially and otherwise.

38. Defendants Patels and Jane Doe's conduct in concert with each other caused Plaintiff Nirban *inter alia* severe emotional and psychological distress, humiliation, mortification, embarrassment, sleeplessness and anxiety, stress and trauma, loss of reputation, harm to his ability to carry out of his profession, diminished earning capacity, and exemplary and/or punitive damages, and other damages that may be identified during the course of discovery and trial.

11

WHEREFORE, Plaintiff Nirban respectfully requests this Honorable Court to enter judgment against Defendants Subhash Patel and Priti Patel in an amount exceeding $75,000.00 per party for damages sustained as a result of their tortious conduct, including exemplary and/or punitive damages, costs, interest, and reasonable attorney fees.

### -COUNT V: DEFAMATION-

39.     Plaintiff Nirban incorporates by reference paragraphs 1 through 38 as though fully realleged herein.

40.     In a malicious pattern of defamatory conduct that occurred throughout the years of 2022 to January 2026, including specific occasions of defamation that occurred on or about April of 2024, November of 2025 and January of 2026, Defendants Patels made false and defamatory verbal statements to several third parties concerning Plaintiff, including many of Defendant's family members and Plaintiff Nirban's family members and extended family members, (including but not limited to those individuals identified in ¶ 8 above).

41.     Defendants Patels made multiple false verbal statements to such individuals stating that Defendant Nirban violently sexually abused their daughter, Jane Doe, when she was a minor, which was false and not supported by the truth or evidence.

42.     Defendants Patels published these multiple false remarks to third parties, including but not limited to, Defendant's family members and Plaintiff Nirban's family members and extended family members, all of whom were a tight knit Indian family, with knowledge of the falsity of their statements, in a malicious manner or with reckless disregard of their truth or falsity, thus subjecting themselves to exemplary damages under Michigan law.

43.     The publication of these remarks by Defendants Patels was the direct and proximate cause of harm to Plaintiff Nirban's emotional and psychological health and diminished reputation in the community, and caused Plaintiff Nirban a variety of economic damages, including but not limited to, severe emotional and psychological distress, humiliation, mortification, embarrassment, sleeplessness and anxiety, stress and trauma, loss of reputation, harm to his ability to carry out of his profession, diminished earning capacity, exemplary and/or punitive damages, and other damages that may be identified during the course of discovery and trial.

44.     Defendants Patels' false statements about Plaintiff Nirban also constituted *defamation per se* as they involved words imputing criminal activity to Plaintiff Nirban (i.e., sexual assault and battery), as well as words imputing sexual misconduct and unchaste behavior, and therefore, Plaintiff Nirban is entitled to damages presumed as a matter of law.

## -DAMAGES-

Plaintiff Nirban has sustained a variety of damages as a result of Defendants

Patels' tortious and malicious conduct noted above, including but not limited to:

(A) severe emotional and psychological distress

(B) humiliation, mortification, and embarrassment

(C) anxiety and sleeplessness

(D) loss of reputation and good standing in the community

(E) harm to his ability to carry out his profession and diminished earning

capacity

(F) compensatory damages

(G) out-of-pocket costs

(H) lost wages and compensation

(I) Defamation per se presumed damages

(J) exemplary damages and/or punitive damages

(K) pain and suffering damages

(L) attorney fees and legal costs

**-RELIEF REQUESTED-**

WHEREFORE, Plaintiff Jay Nirban, respectfully requests this Honorable

Court to enter the following:

(1) Enter judgment against Defendants Subhash Patel and Priti Patel,

each individually in an amount exceeding $75,000.00, the specific value of

which will be determined at trial and/or upon the proofs;

(2) Grant any other relief that the Court deems equitable in this case.

Respectfully submitted,

Date: March 31, 2026                     /s/ JAMES E. R. FIFELSKI
                                         James E. R. Fifelski (P65148)
                                         Attorney for Plaintiff
                                         455 E. Eisenhower Pkwy, Ste 300 #71
                                         Ann Arbor, MI 48104
                                         734-726-0225
                                         james@annarborslawyer.com

Date: March 31, 2026                     /s/ JAY NIRBAN
                                         Jay Nirban
                                         Plaintiff

## PLAINTIFF'S JURY DEMAND

NOW COMES Plaintiff, JAY NIRBAN, by and through his attorney, James E. R. Fifelski, and hereby demands trial by jury on all claims that are so triable herein.

Respectfully submitted,

Date: March 31, 2026

/s/ JAMES E. R. FIFELSKI
James E. R. Fifelski (P65148)
Attorney for Plaintiff
455 E. Eisenhower Pkwy, Ste 300 #71
Ann Arbor, MI 48104
734-726-0225
james@annarborslawyer.com